I.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-61277-CIV-ROSENBERG/BRANNON

RAMON ALVAREZ and all others similarly )
situated under 29 U.S.C. 216(B), )
                                                  Plaintiff, )
        vs. )
)
JARBAL, INC. D/B/A INVERRARY DINER )
DARIN R. GAGNE )
ALEX QUINTANA )
)
                                             Defendants. )
_____ )

**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH INCORPORATED MEMORANDUM OF LAW**

**COME NOW** the Plaintiff, RAMON ALVAREZ (hereinafter "Plaintiff"), and Defendants, JARBAL, INC., d/b/a INVERRARY DINER (hereinafter "Jarbal") and DARIN R. GAGNE (hereinafter "Gagne") and ALEX QUINTANA ("Quintana")(collectively hereinafter the "Defendants"), and hereby jointly move the Court to enter an order approving the settlement entered into by the parties and dismissing the case with prejudice. As grounds for their Motion, Plaintiff and Defendants state as follows:

1. Plaintiff and Defendants have reached an amicable resolution in this matter.

2. Plaintiff filed a complaint under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that he was not properly all his minimum wages and overtime wages.

**3.** Defendants dispute Plaintiff's allegations and contend that Plaintiff worked far fewer hours than alleged in the Complaint and that no amount of minimum wages or overtime

wages are owed to Plaintiff. However, in order to minimize the cost of litigation and gain finality to this matter, Defendants have agreed to amicably resolve this matter.

### Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

In Lynn's Food Stores, Inc., the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. Lynn's Food Stores, Inc. 679 F.2d at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated "Honestly, most everyone returned the checks…" and only the malcontents would accept wages under the FLSA. Lynn's Food Stores, Inc. 679 F.2d at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be

represented by an attorney who can protect their rights under the statute." <u>Lynn's Food Stores, Inc.</u> at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

<u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1354.

Defendants contest the amount of wages due, if any. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties' settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff would have received far less, or nothing, and therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

*WHEREFORE*, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants JARBAL, INC., d/b/a INVERRARY DINER, DARIN R. GAGNE  and

ALEX QUINTANA with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

Dated: 06/29/2015                                         Dated: 06/29/2015

__s/ Elizabeth Hueber_____           _____/s/ Mark J. Berkowitz_____

| | |
|---|---|
| Elizabeth Hueber | Mark J. Berkowitz |
| Florida Bar No.: 73061 | Florida Bar: 36931 |
| J.H. Zidell, P.A. | Mark J. Berkwitz, P.A. |
| 300-71st Street, Suite 605 | 800 S.E. Third Avenue, Suite 400 |
| Miami Beach, FL 33141 | Ft. Lauderdale, Florida, 33131 |
| Tel: 305-865-6766 | Tel: 954-527-0570 |
| Fax: 305-865-7167 | Fax: 954-767-0483 |
| Elizabeth.hueber.esq@gmail.com | mjb2157@aol.com |
| Attorney for Plaintiff | Attorney for Defendants |