## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release (hereinafter "Agreement") is entered into by and between RAMON ALVAREZ on behalf of himself and his heirs, successors and assigns (hereinafter collectively referred to as "ALVAREZ"), and JARBAL, INC., DARIN R. GAGNE, and ALEX QUINTANA on behalf of themselves, their heirs, successors, assigns and all of their employees, relatives, and business entities (hereinafter collectively referred to as "JARBAL"). When appropriate JARBAL, INC. and DARIN R. GAGNE, ALEX QUINTANA may be referred herein as either "JARBAL" or "DEFENDANTS." Moreover, when appropriate, ALVAREZ, JARBAL, INC., DARIN R. GAGNE, and ALEX QUINTANA may be collectively referred to as the "PARTIES."

WHEREAS, ALVAREZ, filed a lawsuit against DEFENDANTS alleging overtime and minimum wage violations under the Fair Labor Standards Act (the "FLSA Claim") in the United States District Court in and for the Southern District of Florida, Case Number 14-cv-61277-DLB (the "Lawsuit").

WHEREAS, JARBAL specifically denies that they are liable to ALVAREZ under the FLSA and/or any other applicable wage laws;

WHEREAS, the PARTIES have agreed to the terms of this Settlement Agreement through compromise and in order to, among other things, end the controversy between them relating to the FLSA Claim and any other applicable wage laws, and to avoid incurring additional cost and the uncertainty of litigation;

WHEREAS, the PARTIES have entered into good faith settlement negotiations which have resulted in the parties coming to terms which are acceptable to both Parties. This Settlement Agreement is to resolve any and all prior and existing disputes, claims, and controversies between the parties which arise out of or relate to ALVAREZ'S FLSA claims, or any claims for unpaid overtime wages and minimum wage violations under the FLSA which exist prior to the execution of this Settlement Agreement.

## REPRESENTATIONS

In connection with this Agreement and to induce the parties to provide the consideration referenced herein, the parties also make the following representations:

1.  **Consideration.**

ALVAREZ and JARBAL for and in consideration of a total payment of Twelve Thousand Dollars ($12,000.00) ("Total Settlement Payment") to be paid by in accordance with paragraph number two (2) below and the exchange of this Settlement Agreement

Page 1 of 11

_R A_
ALVAREZ

_[signature]_
JARBAL, INC.

_[signature]_
GAGNE

_[signature]_
QUINTANA

and Mutual General Release, other good and valuable consideration, and the receipt and sufficiency of which is hereby acknowledged, shall remise, release, acquit and forever discharge each other from any and all actions, claims, causes of action, suits, debts, obligations, warranties, trespasses, torts, injuries, losses, damages, claims, demands or other liability or relief of any nature whatsoever, whether known or unknown, foreseen or unforeseen, whether contractual or extra-contractual, whether in law or in equity, or before administrative agencies or departments, that the PARTIES ever had against each other including, but not limited to, any and all claims and counterclaims that were articulated or could have been articulated in the Lawsuit.

The Total Settlement Payment shall be delivered to ALVAREZ, pursuant to Paragraph 2 herein, and shall consist of the following:

    a.    JARBAL agrees to pay ALVAREZ the amount of Three Thousand, Five Hundred and Sixty Dollars ($3,560.00) to resolve any and all claims ALVAREZ may have against DEFENDANTS for alleged unpaid overtime wage violations and minimum wage violations under the FLSA or other applicable wage laws.

    b.    JARBAL agrees to pay ALVAREZ the amount of Three Thousand, Five Hundred and Sixty Dollars ($3,560.00) to resolve any and all claims ALVAREZ may have against DEFENDANTS for alleged liquidated damages.

    c.    JARBAL agrees to pay J.H. ZIDELL, P.A., ALVAREZ'S attorneys, located at 300 71st Street, Suite 605, Miami Beach, FL 33141, the amount of Four Thousand and Eight Hundred Dollars ($4,800.00) to resolve any and all claims ALVAREZ may have made against DEFENDANTS for the pro rata share of attorneys' fees and Eighty Dollars ($80.00) costs. This amount will be reported on a Form 1099 to be issued to J.H. Zidell, P.A. for the 2015 tax year after the conclusion of 2015.

ALVAREZ understands and agrees that the Total Settlement Payment, Twelve Thousand Dollars, ($12,000.00) mentioned in this paragraph shall constitute the only amount to be paid by JARBAL to ALVAREZ under this Settlement Agreement.

    2.    **Delivery of the Settlement Payment.**

The Total Settlement Payment shall be made to the Trust Account of J.H. ZIDELL, P.A. JARBAL shall make these payments. The first payment shall be made on June 15, 2015, or, if this Agreement has not been approved by the Court, then seven (7) days after the Court has approved this Agreement ("First Payment Date"). On the First Payment Date, DEFENDANTS shall pay Eight Thousand, Five Hundred Dollars ($8,500.00). Five Thousand and Forty Three Dollars ($5,043) of which is to be

| R A | | | |
|---|---|---|---|
| ALVAREZ | JARBAL, INC. | GAGNE | QUINTANA |

distributed to ALVAREZ, with J.H. ZIDELL, P.A., to receive Three Thousand, Four Hundred, and Fifty Seven Dollars ($3,457.00).

Thirty days after the First Payment Date, DEFENDANTS shall pay an additional One Thousand Dollars ($1,000.00), of which ALVAREZ shall receive Five Hundred and Ninety-Three Dollars and Thirty-Three Cents ($593.33), with J.H. ZIDDELL, P.A. to receive Four Hundred and Six Dollars and Sixty-Seven Cents ($406.67).

Sixty days after the First Payment Date, DEFENDANTS shall pay an additional One Thousand Dollars ($1,000.00), of which ALVAREZ shall receive Five Hundred and Ninety-Three Dollars and Thirty-Three Cents ($593.33), with J.H. ZIDDELL, P.A. to receive Four Hundred and Six Dollars and Sixty-Seven Cents ($406.67).

Ninety days after the First Payment Date, DEFENDANTS shall pay an additional One Thousand Dollars ($1,000.00), of which ALVAREZ shall receive Five Hundred and Ninety-Three Dollars and Thirty-Three Cents ($593.33), with J.H. ZIDDELL, P.A. to receive Four Hundred and Six Dollars and Sixty-Seven Cents ($406.67).

One hundred and twenty days after the First Payment Date, DEFENDANTS shall pay an additional Five Hundred Dollars ($500.00), of which ALVAREZ shall receive Two Hundred and Ninety-Six Dollars and Sixty-Six Cents ($296.66), with J.H. ZIDDELL, P.A. to receive Two Hundred and Three Dollars and Thirty-Four Cents ($203.34).

3. **Approval of Settlement and Dismissal.**

ALVAREZ acknowledges and understands that before the obligation to pay the Settlement Payment becomes enforceable against JARBAL, the Agreement must be approved by the Court and ALVAREZ. Within seven (7) business days of the execution of this Agreement, the parties shall file a Joint Motion to Approve Settlement Agreement in the Lawsuit. Within seven (7) business days of the last payment under this Agreement, ALVAREZ shall file either a Stipulation of Dismissal with Prejudice or a Notice of Dismissal with Prejudice in the Lawsuit. To the extent the parties are required to take additional steps to secure the Court's approval of the Agreement or to otherwise effectuate a dismissal with prejudice of the Lawsuit, ALVAREZ shall cooperate with DEFENDANTS in doing so.

4. **Default.**

In the event JARBAL fails to comply with the obligations set forth in paragraph 1 and paragraph 2, then ALVAREZ shall provide JARBAL and JARBAL'S attorney written notice of default and ALVAREZ shall be entitled to a Final Judgment in the amount of Seventeen Thousand and Five Hundred Dollars ($17,500.00) against JARBAL.

Page 3 of 11

_RA_
ALVAREZ

_____
JARBAL, INC.

_____
GAGNE

_____
QUINTANA

5.   **Mutual Release.**

In consideration of the Settlement Payment described in the Agreement, the payment of the Settlement Payment, the mutual release described herein, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, ALVAREZ, DEFENDANTS, JARBALS, on their own behalf and for their respective spouses, heirs, legal representatives, agents, attorneys, personal representatives, employees, professionals, agents, business entities successors or assigns (hereinafter collectively called "Released Parties") hereby release, acquit, forever discharge, hold harmless and promises not to sue each other, and otherwise release each other from any and all charges, claims, demands, actions, liens, causes of action and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which they now have, may have or have ever had against each other or any of the other Released Parties by reason of any and all acts, omissions, events, circumstances or facts existing or occurring up to the date of the Parties' execution of the Settlement Agreement involving any violations of the overtime and minimum wage provision of the FLSA or other applicable wage/labor law(s), claims, actions, alleged indebtedness, torts, contracts or otherwise, that were or could have been articulated in the Lawsuit or other action.

6.   **Knowing and Voluntary Execution; Encouragement to Consult Attorney.**

ALVAREZ acknowledges that the Release set forth above in paragraph 5 is intended to cancel any and all rights ALVAREZ has, had or may have against DEFENDANTS and any of the Released PARTIES regarding any claims under the FLSA or other applicable wage/labor laws. ALVAREZ acknowledges DEFENDANTS have hereby encouraged him to consult with an attorney about this Agreement, and that he has, in fact, consulted with his attorney before signing this Agreement. ALVAREZ acknowledges that he has been given a reasonable period of time in which to consider this Agreement before executing it, and further agrees that his execution of this Agreement is done knowingly and voluntarily in full agreement with all terms and conditions in this Agreement, and that the execution of this Agreement is not a result of any fraud, duress, mistake, or undue influence. ALVAREZ also acknowledges that he has not relied on any inducements, promises, or representations by DEFENDANTS, or any other entity or person, other than what is set forth in this Agreement. ALVAREZ acknowledges that he understands completely the Release and the underlying Agreement, and the legal effect thereof.

7.   **Representation.**

ALVAREZ represents that, other than the Lawsuit, he has no suits, charges, claims, complaints or demands of any kind whatsoever currently pending against

Page 4 of 11

_R A_
ALVAREZ

_____
JARBAL, INC.

_____
GAGNE

_____
QUINTANA

DEFENDANTS, or any of its Released PARTIES with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board seeking to recover damages for alleged unpaid overtime, unpaid wages, or minimum wage violations under the FLSA. Except to the extent that such waiver is precluded by law, ALVAREZ further warrants and represents that he will not file, refile, initiate, or cause to be filed, refilled, or initiated any claim, charge, suit, complaint, action or cause of action based upon, arising out of, or relating to any claim, demand, or cause of action released herein, nor shall he participate, assist or cooperate in any claim, charge, suit grievance, complaint, action or proceeding regarding DEFENDANTS, or any of the Released PARTIES, whether before a court or an administrative agency or otherwise, unless required to do so by law relating to the claims released herein. By entering into this Agreement, ALVAREZ waives, to the extent permissible by law, any right to seek or be entitled to any recovery in any individual, class, or collective action or other representative proceeding, judicial, administrative, or otherwise, in any way arising from or relating to any of the matters released under this Settlement Agreement, including, but not limited to, any right to participate in the settlement or remedy of any individual, class or collective action. Nothing in this Settlement Agreement shall prohibit or restrict ALVAREZ from: (1) making any disclosure of information required by law; or (2) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state, or local governmental agency.

8. **Mutual and Bi-Lateral Non-Disparagement**

To the extent permitted by law and as may be required to be disclosed by court order, all of the parties to this agreement, mutually agree that they will not make any negative or derogatory statements, in any form, about each other or otherwise engage in conduct which might embarrass, harass or adversely affect the other parties' reputation, and/or which might in any way work to the direct or indirect detriment of the other party.

9. **Tax Liability.**

ALVAREZ agrees to hold DEFENDANTS harmless for any failure to pay, or failure to withhold, federal income tax, FICA, Medicare tax and any other tax, with respect to Settlement Payment.

10. **No Admission of Wrongdoing or Liability; Settlement and Settlement Agreement is Inadmissible and Irrelevant in any Lawsuit, Claim or Proceeding.**

DEFENDANTS deny any liability to ALVAREZ. The PARTIES agree that this Agreement and/or the furnishing of any consideration under this Agreement shall not be construed as, interpreted as or used to prove (a) any liability by DEFENDANTS, or (b) unlawful conduct by DEFENDANTS. The parties further agree that this Agreement and DEFENDANTS' payment of the Settlement Payment pursuant to Paragraph 1 herein is not an admission that ALVAREZ was entitled to or otherwise owed any damages under

| ALVAREZ | JARBAL, INC. | GAGNE | QUINTANA |
|---|---|---|---|
| /s/ RA | /s/ | /s/ | /s/ |

the law and shall not be used in any manner whatsoever to prove any liability or fact in any present or future lawsuit, litigation or proceeding against any of the Released PARTIES. The parties agree that all aspects of the settlement and this Agreement and its contents are inadmissible in and irrelevant to any present or future lawsuit, litigation or proceeding against any of the Released PARTIES, with the exception of an action to enforce this agreement.

11.   **Governing Law, Severability, and Interpretation.**

This Agreement shall be governed and construed in accordance with the laws of the State of Florida. If any provision, clause, phrase, words or word in this Settlement Agreement is declared illegal or unenforceable and if the provision, clause, phrase, words or word cannot be modified to be enforceable, then the illegal or unenforceable provision, clause, phrase, words or word shall immediately drop out of the Settlement Agreement (to the narrowest extent possible) and become null and void, leaving the remainder of this Settlement Agreement in full force and effect. At least ten days before commencing an action based on an alleged breach of this Settlement Agreement, the complaining party must give written notice and a right to cure to counsel for the other party via facsimile and certified mail of that party's intent to file an action.

12.   **Entire Agreement.**

This Agreement sets forth the entire agreement between the PARTIES with respect to the subject matter referenced herein and shall supersede any and all prior agreements or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement. The PARTIES acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to sign this Agreement except for those set forth in this Agreement.

13.   **Effective Date.**

This Agreement becomes effective immediately upon execution by the PARTIES.

14.   **Execution in Counterparts; Facsimile Copies.**

This Agreement may be executed in counterparts, each of which shall constitute one and the same instrument. Additionally, the different counterparts of this Agreement may be executed separately by the parties, and all such separately executed counterparts, when taken together, shall be treated in all manner and respect as an original document. Finally, any signature delivered by facsimile transmission shall be treated in all manner and respect as an original document.

Page 6 of 11

_____  _____  _____  _____
ALVAREZ                   JARBAL, INC.              GAGNE                    QUINTANA

15. **Authorship**

The PARTIES agree that this Settlement Agreement is the product of negotiation and shall not be construed against either party on the basis of sole authorship.

15. **Confidentiality**

ALVAREZ agrees to keep the terms of this Settlement Agreement confidential. ALVAREZ will not discuss this Settlement Agreement, or any terms of said Settlement Agreement with any person other than his legal advisers, financial accountant, or a representative or agent of the United States or Florida government. ALVAREZ may also disclose these terms upon request from a lawful subpoena. ALVAREZ will not publish this Settlement Agreement, except to the extent necessary to receive Court approval or is otherwise required under the FLSA.

16. **Benefit.**

All of the forgoing shall inure to the benefit of DEFENDANTS or JARBAL's corporate parents, subsidiaries, affiliates and related entities, together with all predecessors, successors, and assigns and all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, shareholders, and employees of each of the foregoing, as appropriate, and each of the Released PARTIES, and be binding upon ALVAREZ'S heirs, executors, administrators, legal representatives, successors, and assigns.

**[SIGNATURES ON THE NEXT PAGE]**

_____  _____  _____  _____
ALVAREZ          JARBAL, INC.     GAGNE            QUINTANA

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, THIMMIG AND JARBAL FREELY KNOWINGLY, AND AFTER DUE REFLECTION, ENTER INTO THIS AGREEMENT.

JARBAL, INC.
by and through its authorized agent,
**DARIN R. GAGNE**

By: _____

Date: 6/2/2015

**DARIN R. GAGNE**
individually.

By: _____

Date: 6/2/15

**ALEX QUINTANA**
individually.

By: Toribio A Quintana

Date: 6/2/2015

STATE OF FLORIDA
COUNTY OF _____Broward_____

The foregoing instrument was acknowledged before me this 2nd day of June 2015, by **DARIN R. GAGNE** as Owner and authorized agent, on behalf of the corporation JARBAL, INC. He is personally known to me or has produced FL - DL G250176732830 as identification.

_____
(Signature of Notary Public)

Maria Hatfield
(Printed name of Notary Public)
Notary Public, State of Florida

MARIA R. HATFIELD
Notary Public, State of Florida
Commission# FF 74209
My comm. expires Dec. 2, 2017

Commission No. 12-2-2017
# FF74209
My commission expires: 12-2-2017

Page 8 of 11

R A                  _____           _____           _____
ALVAREZ          JARBAL, INC.      GAGNE           QUINTANA

STATE OF FLORIDA
COUNTY OF ___Broward___.

The foregoing instrument was acknowledged before me this __2nd__ day of __June__ 2015, by **DARIN R. GAGNE**. He is personally known to me or has produced ___FL. DL # G250-176-73-783 0___ as identification. Iss 8/8/2013  Exp. 8/3/2021

_____
(Signature of Notary Public)

___Maria Hatfield___
(Printed name of Notary Public)
Notary Public, State of Florida

[Notary Seal: MARIA R. HATFIELD, Notary Public, State of Florida, Commission# FF 74209, My comm. expires Dec. 2, 2017]

Commission No. __FF 74209__
My commission expires: __12-2-2017__

Today 06/02/2015
Only notarizing DARIN GAGNE and Alex Quintana

STATE OF FLORIDA
COUNTY OF ___Broward___.

The foregoing instrument was acknowledged before me this __2nd__ day of __June__ 2015, by **ALEX QUINTANA**. He is personally known to me or has produced ___Guatemala Passport # 000249971___ as identification. Iss 3/13/14  Exp. 3/12/19

_____
(Signature of Notary Public)

___Maria Hatfield___

[Notary Seal: MARIA R. HATFIELD, Notary Public, State of Florida, Commission# FF 74209, My comm. expires Dec. 2, 2017]

Page 9 of 11

| R A | | | |
|---|---|---|---|
| ALVAREZ | JARBAL, INC. | GAGNE | QUINTANA |

(Printed name of Notary Public)
Notary Public, State of Florida

Commission No. __FF 74209__
__12-2-2017__
My commission expires:

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, ALVAREZ, FREELY KNOWINGLY, AND AFTER DUE REFLECTION, ENTERS INTO THIS AGREEMENT.**

RAMON ALVAREZ:

__RAMuh__

Date: __June 11, 2015.__

STATE OF FLORIDA

COUNTY OF __Miami-Dade__

The foregoing instrument was acknowledged before me this __11th__ day of __June__ 2015, by RAMON ALVAREZ. He is personally known to me or has produced __(personally known)__ as identification.

ANA M. BACALLAO
MY COMMISSION # FF 167276
EXPIRES: October 9, 2018
Bonded Thru Notary Public Underwriters

__Ana M. Bacallao__
(Signature of Notary Public)

__ANA M. BACALLAO__
(Printed name of Notary Public)
Notary Public, State of Florida

Commission No. __Oct. 9, 2018__
My commission expires:

Page 10 of 11

RA
ALVAREZ

JARBAL, INC.

GAGNE

QUINTANA

[notary stamp]

Page 11 of 11

_____  _____  _____  _____
ALVAREZ          JARBAL, INC.     GAGNE            QUINTANA