UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-61277-Civ-Brannon

RAMON ALVAREZ,

    Plaintiff(s),

vs.

4620 UNIVERSITY, INC., et al.,

    Defendant(s).

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE is before the Court upon the parties' joint Motion for Approval of Settlement Agreement with Incorporated Memorandum of Law (DE 69). The Court has reviewed the record and is fully advised in the premises.

In this case, Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, by failing to pay him overtime compensation and minimum wage compensation.

The parties state that they have negotiated a settlement in this matter to avoid the continued costs and uncertainty of litigation. In this regard, the parties have filed a fully-executed Settlement Agreement (DE 69-1) for Court review and approval.

When a private action brought under the FLSA is settled, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). In scrutinizing the settlement, the Court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over

FLSA provisions." Id. at 1355.  While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." Id. at 1354.  Where, as here, a settlement agreement was entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues.  Id.

After reviewing the counseled parties' fully-executed Settlement Agreement, which includes mutual general releases, a detailed breakdown of settlement payment amounts, and an express provision for the dismissal of all claims with prejudice, the Court finds that the settlement is a fair and reasonable resolution of a bona fide FLSA dispute.

Accordingly, the Court ORDERS AND ADJUDGES that the Motion (DE 69) is GRANTED.  The Court APPROVES the Settlement Agreement and this case is DISMISSED WITH PREJUDICE against Defendants JARBAL, INC., d/b/a INVERRARY DINER, DARIN R. GAGNE, and ALEX QUINTANA with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, and each party to bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.  The Clerk of Court shall CLOSE THIS CASE.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of July, 2015.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE