UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61277-CIV-BRANNON

RAMON ALVAREZ, and all others
similarly situated,
                    Plaintiff(s),

vs.

4620 UNIVERSITY, INC., et al.,
                    Defendants.
_____/

## DEFENDANTS' RESPONSE TO THE RULE TO SHOW CAUSE, DATED DECEMBER 22, 2015

Defendants, Jabral, Inc., d/b/a Inverrary Diner and Darrin R. Gagne and Alex Quintana, individually, by their undersigned counsel, hereby file this Response to the Court's Rule to Show Cause, dated December 22, 2015. In support of this Response, Defendants state as follows:

## I.
## PROCEDURAL HISTORY

Undersigned counsel apologizes to the Court for the lack of a prompt response; however,

he received notification, for the first time, that a Motion for Default had been previously filed, on

December 22, 2015, by e-mail, through CM/ECF system, when the Court issued the Rule to

Show Cause. In addition, although Plaintiff had represented in his Motion for Default, that

notification of the default had been sent to undersigned counsel on November 7, 2015,[1]

_____

[1] The November 7, 2015 notice of default was apparently sent to undersigned counsel by Mr. J.H. Zidell, the partner in Plaintiff's law firm, to an old e-mail address, mjb2157@aol.com, which counsel has been phasing out from his use. All other e-mails in this case had been sent by Mr. Zidell's associate, Elizabeth Heubner, to undersigned counsel, at his g-mail, account,

undersigned counsel did not actually receive notification of the default from Plaintiff's counsel,

Ms. Elizabeth Huebner, until November 23, 2015. Immediately upon receiving Ms. Heubner's e-

mail communication, of the notice of the default, on November 23, 2015, counsel contacted her;

and requested that Plaintiff forbear in filing any motion for default, in order to provide a

reasonable opportunity for Defendants to cure the default.

Since the Thanksgiving Holiday was approaching later that week, undersigned counsel

indicated to Ms. Huebner, that Defendants could not cure the default until the following Monday,

November 30, 2015. Ms. Huebner had not indicated that the Motion for Default had been filed;

she responded by basically making holiday good wishes for the Thanksgiving Holiday.

On Monday, November 30, 2015, Plaintiff's counsel received the remaining $2,500.00

payment,[2] which was overdue; and as of that date, the entire settlement amount of $1,200.00 had

been fully paid.[3] Since undersigned counsel had not received prior notice of the Motion for

Default, or any further objection from Plaintiff's representatives, he assumed that this matter was

---

markberk57@gmail.com or labor@markjberkowitz.com. Undersigned counsel received Ms. Huebner's e-mail of the default on November 23, 2015, in his g-mail account.

[2]  Plaintiff's counsel has filed a Notice of "Partial" Payment, acknowledging receipt of the $2,500 payment.

[3] Payment was made by Mr. Ivan Valenzuela, whose mother was previously part of the ownership group of the Defendant corporation. The named Defendants in this case, Mr. Gagne and Mr. Quintana, were apparently scheduled to purchase an ownership interest in the Defendant corporation; however, they apparently did not do so.  Mr. Gagne and Mr. Quintana signed the settlement agreement; however, since they did not acquire an ownership interest in the Defendant corporation, it is unclear if they indeed had the authority to bind the Defendant corporation. Undersigned counsel did not know of the actual and relative roles of Mr. Gagne and Mr. Quintana, until after the settlement agreement had already been signed. Mr. Valenzuela decided to go forward with consummating the settlement, in order to put this matter to rest.

closed; however, on December 22nd, counsel was informed, for the first time, since November

23, 2015, that this assumption was incorrect.

<div align="center">

## II.
## <u>MEMORANDUM OF LAW</u>

### ARGUMENT:
### THE RULE TO SHOW CAUSE SHOULD BE PROMPTLY DISCHARGED, WITHOUT THE IMPOSITION OF ANY FURTHER LIABILITY, FOR A VARIETY OF REASONS, INCLUDING, BUT NOT LIMITED TO, LACK OF PROPER NOTICE OF DEFAULT; AND SUBSTANTIAL GOOD FAITH COMPLIANCE WITH THE TERMS OF THE SETTLEMENT.

</div>

Plaintiff has not satisfied conditions precedent for the proper entry of a default for non-

payment. Under Paragraph 4 of the Settlement Agreement, Plaintiff is required to provide notice

of the default.

In addition, the relevant authority provides that there must be *reasonable notice* of the

default, prior to the entry of the default. *See, Hollis* v. *One West Bank, FSB*, 2013 U.S. Dist Lexis

20750 (N.D. Ala. 2013); *Tierney* v. *Comfort Inn & Suites of Rome*, 2014 Bankr. Lexis 494 (N.D.

Ga. 2014). The notice provided in this case was inadequate and deficient; counsel did not receive

notification of the default on November 7, 2015; and it is clear that upon receiving notice of the

default, on November 23, 2015, counsel took prompt, remedial and reasonably diligent steps to

cure the default. Upon receiving notice, there was substantial compliance with the terms of the

settlement agreement; thereby curing any default. *See, Alphamed, Inc.* v. *B. Braun Med., Inc.* 367

F.3d 1280 (11th Cir. 2004); and again, it is abundantly clear that Defendants acted with due

diligence to ensure full compliance. *See, F.T.C.* v. *Alcoholism Cure Corp.*, 2015 U.S. Dist. Lexis

137014 (M.D. Fla. 2015). At the very least, Defendants are entitled to credit for their good faith

<div align="center">3</div>

attempts at prompt compliance; they have already paid the $12,000.00 settlement amount in full.

*See, Holmes* v. *GE Capital Corp.*, 369 B.R. 708 (M.D. Ga. 2007).[4]

### III.
### CONCLUSION

Based upon the foregoing argument and citation of authority, the Rule to Show Cause should be promptly withdrawn. Defendants have taken reasonable steps to sure the default. Upon the communication of *reasonable notice*, counsel took prompt remedial action to ensure compliance with the terms of the parties' settlement agreement. Therefore, no additional liability should be imposed upon the named Defendants by this Court. Plaintiff has received the benefit of his bargain.

<div style="margin-left:50%">

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Defendants
800 S.E. Third Avenue
Suite 400
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 767-0483 Telecopier
E-mail:labor@markjberkowitz.com .
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

</div>

_____

[4] Plaintiff's demand for an additional judgment of $17,000.00, above and beyond the sum which has already been paid, is completely unsupported, either by the settlement agreement, or applicable law.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by the Court's electronic filing system, CM/ECF, on this 23rd day of December, 2015, to Law Office of J.H. Zidell, 300 71st Street, Suite 605, Miami Beach, Florida 33141.